1  Michele R. Stafford, Esq. (SBN 172509)
   Matthew P. Minser, Esq. (SBN 296344)
2  Allan Shuldiner, Esq. (SBN 252259)
   SALTZMAN & JOHNSON LAW CORPORATION
3  1141 Harbor Bay Parkway, Suite 100
   Alameda, CA 94502
4  Telephone: (510) 906-4710
5  Email: mstafford@sjlawcorp.com
   Email: mminser@sjlawcorp.com
6  Email: ashuldiner@sjlawcorp.com

7
   Attorneys for Plaintiffs, Operating Engineers'
8  Health And Welfare Trust Fund for Northern California, et al.

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  OPERATING ENGINEERS' HEALTH AND          Case No.:
    WELFARE TRUST FUND FOR NORTHERN
13  CALIFORNIA; DAN REDING and JAMES E.
    MURRAY, Trustees;                        **COMPLAINT**
14
15  PENSION TRUST FUND FOR OPERATING
    ENGINEERS; DAN REDING and JAMES E.
16  MURRAY, Trustees;

17  PENSIONED OPERATING ENGINEERS'
18  HEALTH AND WELFARE TRUST FUND;
    DAN REDING and JAMES E. MURRAY,
19  Trustees;

20  OPERATING ENGINEERS AND
    PARTICIPATING EMPLOYERS PRE-
21  APPRENTICE, APPRENTICE AND
    JOURNEYMEN AFFIRMATIVE ACTION
22  TRAINING FUND; DAN REDING and JAMES
    E. MURRAY, Trustees;
23
24  OPERATING ENGINEERS LOCAL UNION
    NO. 3 VACATION, HOLIDAY AND SICK
25  PAY TRUST FUND; DAN REDING and
    JAMES E. MURRAY, Trustees; and
26
27  OPERATING ENGINEERS LOCAL 3 HEAVY
    AND HIGHWAY TRUST FUND
28

                                        1
    **COMPLAINT**
    **Case No.**

1           Plaintiffs,

2         v.

3    MARGIN CONSTRUCTION, INC., a
     suspended California Corporation; MIGUEL
4    ANGEL MARQUEZ, an individual,

5           Defendants.

6

7    <u>Parties</u>

8         1.     The Operating Engineers' Health and Welfare Trust Fund for Northern California

9    ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the

10   Pension Trust Fund for Operating Engineers,  and the Operating Engineers Annuity Plan) ("Pension

11   Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund");

12   Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen

13   Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers

14   Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") are employee benefit

15   plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C.

16   § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

17   Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund,

18   Pension Fund, Pensioned Health Fund, Affirmative Action Training Fund, and Vacation Fund, and have

19   authority to act on behalf of all Trustees of those Funds. The Funds and their fiduciaries are together

20   referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

21        2.     The Operating Engineers Local 3 Heavy and Highway Trust is a Trust established under

22   the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

23        3.     Margin Construction, Inc. ("Margin Construction"), a suspended California corporation,

24   and Miguel Angel Marquez, an individual (collectively, "Defendants") are employers by virtue of

25   ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

26   <u>Jurisdiction</u>

27        4.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of

28

2

**COMPLAINT**
**Case No.**

1   ERISA § 502, 29 U.S.C. § 1132, in that Plaintiffs seek to enforce the provisions of ERISA and the

2   terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to

3   redress such violations, and seek all other appropriate relief under ERISA.

4          5.      Jurisdiction exists in this Court over all the claims by virtue of the LMRA § 301, 29

5   U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Collective Bargaining

6   Agreement.

7          6.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,

8   supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they

9   arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

10  herein, each of which has a substantial ground in federal jurisdiction.

11                                              Venue

12         7.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

13  is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

14  discretion, in the district where the plan is administered, where the breach took place, or where a

15  defendant resides or may be found, and process may be served in any other district where a defendant

16  resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their

17  principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded

18  with this Court.

19         8.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

20  185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the

21  International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of

22  business in this district, its duly authorized officers or agents are engaged in representing employee

23  members in this district, and the claims arise in this district.

24                                      Intradistrict Assignment

25         9.      The basis for assignment of this action to this court's Oakland Division is that all of the

26  events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA

27  Plaintiffs' Funds and the Bargained Entities are administered, and where Defendants therefore failed to

28

3

**COMPLAINT**
**Case No.**

1    fulfill their statutory and contractual obligations to Plaintiffs.

2                                    Bargaining Agreements

3        10.    Defendant Margin Construction entered into the Independent Northern California

4    Construction Agreement (the "Independent Agreement") with the Union, which incorporates the current

5    Master Agreement ("Master Agreement") between the Union and the Signatory Associations (United

6    Contractors, Associated General Contractors of California, Inc., Industrial Contractors UMIC, Inc., and

7    Northern Alliance of Engineering Contractors). Under the terms of the Independent Agreement, the

8    principal shareholder(s) of Defendant Margin Construction, including Defendant Miguel Angel

9    Marquez who executed the Independent Agreement on behalf of Defendant Margin Construction,

10   personally guaranteed all amounts claimed herein. The Independent Agreement and Master Agreement

11   are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements,

12   which incorporate the terms of the Trust Agreements establishing the Trust Fund ("Trust Agreements")

13   require Defendants to provide employer contributions to Plaintiffs' Funds, to the Union for union dues,

14   and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are

15   third party beneficiaries of the Bargaining Agreements.

16       11.    Under the terms of the Bargaining Agreements, and Trust Agreements incorporated

17   therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation,

18   Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area

19   Committee Administration Market Preservation Fund; Construction Industry Force Account, Operating

20   Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development

21   Trust Fund (including the California Alliance for Jobs) (together referred to herein as "Bargained

22   Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and

23   distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining

24   Agreements and Trust Agreements.

25       12.    Under the Bargaining Agreements and Trust Agreements, which are incorporated into

26   the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay

27   to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of

28

4

**COMPLAINT**
**Case No.**

which are determined by the hours worked by Defendants' employees.  Contributions are due on the fifteenth (15th) day of the month following the month during which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

13.     The Bargaining and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as is necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14.     Defendants have failed and refused to comply with an audit of their payroll records for the period from October 15, 2018 through December 31, 2019.

15.     Defendants have failed and refused to report and pay contributions for hours worked by their employees during the months of October 2018 through December 2018, February 2019 and May through July 2019. Liquidated damages and interest will be incurred and are owed to Plaintiffs for any unpaid contributions for those months.

16.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any additional months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to

5

1    determine whether there are any additional amounts due from Defendants.

2
                              **FIRST CAUSE OF ACTION**
3    **For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages,
                        Attorneys' Fees and Costs Against Defendants**
4

5        18.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

6        19.    Defendants have a contractual duty to timely pay the required contributions to Plaintiffs

7    and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements

8    and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements and

9    Trust Agreements to permit an audit of their records to determine whether they are making full and

10   prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts

11   found due as a result of an audit, including audit fees.

12       20.    In addition, Defendants have a statutory duty to timely make the required payments to

13   Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

14       21.    By failing to permit the audit of all of their records and make the required payments to

15   Plaintiffs, Defendants breached the Bargaining and Trust Agreements and are in violation of ERISA §

16   515, 29 U.S.C. § 1145, and LMRA § 301(a).

17       22.    Defendants' failure and refusal to permit the audit and pay the required contributions

18   was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and

19   incorporated Trust Agreements, by failing to permit the audit and pay all amounts owed as alleged. Said

20   refusal is unjustified and done with knowledge and intent.

21       23.    ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and

22   irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations

23   required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA,

24   29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to

25   refuse to perform as required thereunder.

26       24.    This Court is authorized to issue injunctive relief based on the traditional standard. As

27   set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the

28   possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The

6

**COMPLAINT**
**Case No.**

1    balance of hardships and advancement of public interest favor ERISA Plaintiffs.

2        25.    This Complaint does not in any manner relate to statutory withdrawal liability that may

3    or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any

4    such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents,

5    Trust Agreements, and the law.

6                                              Prayer

7        WHEREFORE, Plaintiffs pray as follows:

8        1.    For an order,

9            (a)    requiring that Defendants comply with their obligations to Plaintiffs under the

10   terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records

11   as requested by Plaintiffs;

12            (b)    enjoining Defendants from violating the terms of those documents and of ERISA;

13   and

14            (c)    enjoining Defendants from disposing of any assets until said terms have been

15   complied with, and from continuation or operating of Defendants' business until said terms have been

16   complied with.

17       2.    For a judgment against Defendants as follows:

18            (a)    Any unpaid contributions, due at time of Judgment, including those specified

19   above as well as any other contributions determined as due by audit, timecards, or otherwise, including

20   estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA §

21   502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

22                i.    To ERISA Plaintiffs and the Bargained Entities, in accordance with

23   ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

24                ii.    To the Union in accordance with the Bargaining Agreements.

25            (b)    Liquidated damages on all late-paid and unpaid contributions in an amount

26   provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

27   § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

28

**COMPLAINT**
**Case No.**

1        (c)     Interest on all late-paid and unpaid contributions at the rates set in accordance

2  with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. §

3  1132(g)(2)(B).

4        4.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in

5  accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance

6  with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for

7  all Plaintiffs.

8        5.     For an order,

9        (a)     requiring that Defendants comply with their obligations to Plaintiffs under the

10  terms of the Bargaining Agreements and the Trust Agreements;

11        (b)     enjoining Defendants from violating the terms of those documents and of ERISA;

12  and

13        (c)     enjoining Defendants from disposing of any assets until said terms have been

14  complied with, and from continuation or operation of Defendants' business until said terms have been

15  complied with.

16        6.     That the Court retain jurisdiction of this case pending compliance with its orders.

17        7.     For such other and further relief as the Court may deem just and proper.

18
DATED: April 6, 2020               SALTZMAN & JOHNSON LAW CORPORATION

19

20                           By:              /S/

21                                 Allan Shuldiner
                                 Attorneys for Operating Engineers' Health And

22                                 Welfare Trust Fund, et al.

23

24

25

26

27

28

8

**COMPLAINT**
**Case No.**